# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| FREDERICK DUFEL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 214-73 |
| | * | |
| KATHERINE STIREWALT, and CITY OF BRUNSWICK, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff's Motion to Remand this case to the State Court of Glynn County, Georgia. Dkt. No. 9. Upon due consideration, Plaintiff's Motion is **DENIED**.

I. **BACKGROUND**

Plaintiff Frederick Dufel brought this suit against Katherine Stirewalt and the City of Brunswick ("Defendants") based on his arrest by Stirewalt on April 6, 2012. Plaintiff asserts that there was no probable cause for his arrest and that the arrest was based on false charges. Among other allegations,[1] Plaintiff maintains that

---

[1] Plaintiff contends that the City is liable for Stirewalt's actions because it caused Plaintiff's arrest and incarceration and because it has a policy authorizing the use of illegal arrests without cause or has failed to adopt a policy prohibiting incarceration except under appropriate circumstances. Dkt. No. 1-1, ¶¶ 6, 11. Plaintiff further alleges that Stirewalt's actions

1

> [t]he wrongful arrest and untrue charges were done
> under color of law and authority, and said wrongful
> acts were done intentionally, negligently, and with a
> complete and deliberate indifference for the
> Plaintiff's rights, and all of said wrongful conduct
> has caused the Plaintiff to be deprived of his
> constitutional rights, including but not limited to
> the Fourth, Fifth, Sixth, and Fourteenth Amendments to
> the United States Constitution, as well as being a
> violation of the Plaintiff's rights conferred by the
> Georgia Constitution.

Dkt. No. 1-1, ¶ 9. Plaintiff claims to have suffered physical and mental damages as a result of his mistreatment and incarceration, and he requests actual and punitive damages as well as attorney's fees and costs. Dkt. No. 1-1, ¶¶ 8, 10.

Plaintiff filed this action in the State Court of Glynn County, Georgia. Pursuant to 28 U.S.C. § 1441 and § 1446, Defendants removed the case to this Court. Dkt. No. 1. Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff asserted claims arising under federal law when he alleged that Defendants violated his rights under the United States Constitution. Dkt. No. 1, ¶¶ 2, 3. Defendants further contend that the Court has supplemental jurisdiction over any state law claims. Dkt. 1, ¶ 4 (citing 28 U.S.C. § 1367).

Plaintiff moved to remand the case because, he contends, he did not allege a federal claim, and the Court thus lacks

---

were malicious and motivated by a desire to cause Plaintiff harm and distress. Dkt. No. 1-1, ¶ 12.

2

jurisdiction. Dkt. No. 9, p. 1. Later in the filing, Plaintiff characterizes this contention slightly differently, stating, "The Complaint does not state that the predominant claims arise under federal law." Dkt. No. 9, p. 3.

II. **ANALYSIS**

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Id. In other words, a claim initially filed in state court may be removed to federal court if the case could have been filed in federal court originally. Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1289 (11th Cir. 2004). If a federal district court has original jurisdiction of an action, it also has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Still, however, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of

3

federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). Additionally, the party seeking removal bears the burden of establishing that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

In order to assess whether a claim arises under federal law, courts apply the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Federal question jurisdiction will be found to exist where the "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

AO 72A
(Rev. 8/82)

A plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar Inc., 482 U.S. at 392. However a plaintiff may not defeat removal by engaging in "artful pleading," or omitting to plead necessary federal questions. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

Applying the well-pleaded complaint rule, the Court finds that Plaintiff's Complaint asserts a federal question such that federal question jurisdiction is proper under 28 U.S.C. § 1331. The Complaint does not clearly delineate Plaintiff's causes of action or specify what law those causes are grounded in, except where it says,

> [t]he wrongful arrest and untrue charges were done under color of law and authority, and said wrongful acts were done intentionally, negligently, and with a complete and deliberate indifference for the Plaintiff's rights, and all of said wrongful conduct has caused the Plaintiff to be deprived of his constitutional rights, including but not limited to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as being a violation of the Plaintiff's rights conferred by the Georgia Constitution.

Dkt. No. 1-1, ¶ 9. Even though, as Plaintiff describes, "the Complaint does not state that it arises under the Constitution or laws of the United States" or "does not state that the predominant claims arise under federal law", the Complaint does not need to *state* that it arises under federal law in order for

the claims it asserts to *actually* arise under federal law, which they do in this case. Dkt. No. 9, pp. 3, 6.

Even though Plaintiff does not cite to the federal statute creating his cause of action, 42 U.S.C. § 1983, he does not cite to any state statutes either. This is not the type of case in which state law claims predominate, see <u>McKinney v. City of Grosse Pointe Park</u>, 72 F. Supp. 2d 788, 790 (E.D. Mich. 1999) (finding court had *discretion* to remand where majority of claims were based on state law), or where the Complaint only alleged a single state common law cause of action. See <u>Mangum v. Child Abuse Prevention Ass'n</u>, 358 F. Supp. 2d 492 (D.S.C. 2005). Nor is it a case in which Plaintiff has been careful to rely on only state law. See <u>Roman-Vazquez v. Baxter Sales & Distrib., Corp.</u>, 541 F. Supp. 2d 458, 459-60, 463 (D.P.R. 2008) (remanding case to state court where some claims in complaint referenced both federal and state law but at least two claims were based solely on Puerto Rico law); [2] <u>Mathews v. Anderson</u>, 826 F. Supp. 479, 482

---

[2] Though some of the claims in the <u>Roman-Vazquez</u> complaint could have been interpreted as both federal and state in nature, the court analyzed the "substantial federal question" issue in deciding to remand the case. <u>Id.</u> at 462-63 (citing <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811 (4th Cir. 2004)). This Court's understanding of the substantial federal question doctrine differs from that of the <u>Roman-Vazquez</u> court. The doctrine applies in cases where the cause of action at issue was created by state law, not those arising directly from federal law. See <u>Donaldson v. City of Walterboro Police Dep't</u>, 466 F. Supp. 2d 677, 680 n.2 (D.S.C. 2006). The <u>Dixon</u> court only employed the substantial federal question analysis once it determined that state law, and not federal law, created the cause of action:

> In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. In this case Dixon's cause of action was

(M.D. Ga. 1993) ("Plaintiff has drafted her complaint so as to avoid federal jurisdiction and Defendant cannot remove this action to federal court simply because Plaintiff *could have* alleged a Title VII claim").

Plaintiff cites Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964),[3] for the proposition that merely showing a violation of a constitutional right does not confer jurisdiction on a federal court. Dkt. No. 9, p. 4 (citing Hornsby, 326 F.3d at 610). The Hornsby court's concern, however, seems to have been with ensuring that the person seeking federal jurisdiction had an available statutory basis for doing so:

> Merely showing a violation of a constitutional right is, however, not sufficient to gain access to the federal courts; since Mrs. Hornsby has not sought to invoke jurisdiction under the federal question provision, 28 U.S.C.A. § 1331, we must determine whether she has alleged an actionable claim under the Civil Rights Act [42 U.S.C. § 1983], within the jurisdiction of the district court, 28 U.S.C.A. § 1343(3).

Id. Here, unlike the plaintiff in Hornsby, Defendants have sought to invoke this Court's federal question jurisdiction. Of

---

created by South Carolina law not federal law . . . [so] we must determine whether this case is within the small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law[.]

369 F.3d at 816 (internal citations and quotations omitted); see also Dunlap, 381 F.3d at 1290-91 (assessing substantial federal question issue only after determining plaintiff alleged only state law causes of action).
[3] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

AO 72A
(Rev. 8/82)

additional note, the Hornsby court went on to find that the plaintiff did state a claim within the district court's jurisdiction, because her complaint, like Plaintiff's in this case, set forth that she was (1) "denied a protected right, privilege or immunity, and (2) that defendants acted under color of a state [or] local law." Id. at 611-12.

Plaintiff's claims, as stated in the Complaint, plainly arise under the United States Constitution and the Georgia Constitution. The state law causes of action are so related to the federal causes of action that they form part of the same case or controversy, and the Court thus has supplemental jurisdiction over Plaintiff's related state law claims. This case was properly removed pursuant to 28 U.S.C. § 1441(a). See Donaldson v. City of Walterboro Police Dep't, 466 F. Supp. 2d 677, 680 (D.S.C. 2006).

Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED**, this 16TH day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)